IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Holmes, #289114,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>Warden, Evans Correctional Institution,  )<br>)<br>Respondent.  )<br>_____) | Civil Action No. 2:11-343-SB<br><br>**ORDER** |

This matter is before the Court on the Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. 636(b)(1)(B). In the R&R, United States Magistrate Judge Bruce H. Hendricks recommends that the Court dismiss the petition without prejudice and without issuance and service of process on the Respondent based on the Petitioner's failure to exhaust his administrative remedies. The Petitioner filed timely objections to the R&R. 28 U.S.C. § 636(b)(1).



This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id.

### DISCUSSION

The Petitioner filed this action on February 11, 2011, challenging his convictions and sentences for assault upon a local correctional employee, unlawful possession of a

weapon, and possession of less than 1 gram of cocaine, for which he alleges he received "50 months non-violent." In his petition, he asserts ineffective assistance of counsel, and he claims that he was sent to DMH, Just Care, and DDSN because he did not understand or fully remember the judicial process. He claims that he should have received time served and that the officers did not have a search warrant to enter his home. The Petitioner admits that he did not seek appellate review of his convictions and sentences and that he has not filed any other petitions or applications in state court.

The Magistrate Judge reviewed the petition and issued an R&R on March 10, 2011, recommending that the Court dismiss the petition based on the Petitioner's failure to exhaust his available state court remedies. As noted by the Magistrate Judge, applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." However, the statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. Here, as the Magistrate Judge noted, it appears that the Petitioner has not filed a direct appeal or any application for post-conviction relief.

Moreover, in his objections, the Petitioner does not assert that he has exhausted his administrative remedies. Instead, he asserts that he can prove that his rights have been violated and that "[t]here are technicalities in [his] case that should be [raised] in [the] federal court system." (Entry 11 at 1.) He also asserts that he does not understand the process and requests assistance based on his mental deficiencies.

After review, the Court finds the Petitioner's objections to be without merit, and the Court agrees with the Magistrate Judge that this matter is subject to dismissal without

prejudice based on the Petitioner's failure to exhaust his state remedies. As the Magistrate Judge noted, the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is codified at S. C. Code. §§ 17-27-10 through -160, is a viable state court remedy. Thus, prior to seeking federal collateral review, the Petitioner should file a petition for post-conviction relief in the state court system and seek appellate review of any state court's ruling on that petition.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 9) is adopted; the Petitioner's objections (Entries 11, 14, 16, and 17) are overruled; and this matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

_____
Sol Blatt, Jr.
Senior United States District Judge

April **20**, 2011
Charleston, South Carolina

